UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEF CADWELL,
#339620,

    Plaintiff,                                               Civil Action No. 21-CV-11182

vs.                                                    HON. BERNARD A. FRIEDMAN

BRODERICK FLESCHER, et al.,

    Defendants.
_____/

## OPINION AND ORDER OF DISMISSAL

This is a pro se prisoner civil rights case. Plaintiff, who is presently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, claims that his Eighth Amendment right to be free from cruel and unusual punishment was violated "by the actions of Broderick Flescher and his over familiar personal relationship with my wife Iman Nasser, while Flescher was my parole agent." ECF No. 1 (PageID.4). Flescher allegedly contacted and visited Nasser prior to plaintiff's release. Plaintiff alleges that Flescher "used his position as a parole agent to pursue a personal, over familiar, sexualized relationship with Nasser." *Id*. (PageID.5). On one such visit on March 7, 2020, Flescher allegedly engaged in "some sort of inappropriate conduct" with Nasser. *Id.* (PageID.6). Plaintiff asserts that his son told him that he saw Flescher engage in a sex act with Nasser. Plaintiff alleges that he complained to the other four defendants, Field Supervisor Clayton, Field Supervisor Wilson, Field Administrative Specialist Stevens, and Administrative Law Judge Wright, but that they failed to take any action to stop Flescher's conduct. Plaintiff claims that this relationship had a "tremendous negative impact" on his chances of "successfully completing parole." *Id.* (PageID.8). Plaintiff parole was revoked and he was returned to prison. *See id.* (PageID.8). Plaintiff seeks

compensatory and punitive damages.

Due to his indigence, plaintiff has been granted leave to proceed without prepayment of the filing fee. Under the Prison Litigation Reform Act, the Court is required to dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). "A complaint fails to state a claim if it does not 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Schluter v. Encore Rehab. Servs*. LLC, No. 21-CV-10874, 2021 WL 1641585, at *1 (E.D. Mich. Apr. 27, 2021) (quoting *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011)).

Plaintiff contends that Flescher's actions amounted to cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. The Eighth Amendment is concerned only with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Id.* at 348. Further, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. To prevail on an Eighth Amendment claim, plaintiff must also show that the defendant

acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Accepting Cadwell's allegations as true, the conduct of the parole agent in forming or attempting to form a romantic relationship with his wife is certainly troubling. However, the Court is unaware of any precedent holding that such conduct amounts to cruel and unusual punishment in violation of the Eighth Amendment under the standards outlined above. Apart from the Eighth Amendment, plaintiff does not allege that he personally sustained the deprivation of any other Constitutional right, and he lacks standing to assert a claim on behalf of someone else. Plaintiff has therefore failed to state a claim against Flescher.

Nor has plaintiff stated a claim against the other defendants, who allegedly failed to respond to his complaints about Flescher. Government officials may not be held liable for the conduct of their subordinates under theories of respondeat superior or vicarious liability. See *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Nor can supervisory liability be based upon an alleged failure to act. *See Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). To be personally liable, the supervisory defendants must have authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officer. *See Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016). Plaintiff makes no allegation in this case that the supervisory defendants authorized, approved, or knowingly acquiesced in the alleged misconduct of Flescher.

For these reasons, the Court concludes that plaintiff has failed to state a claim against any of the defendants. Accordingly,

IT IS ORDERED that the complaint is dismissed pursuant to 42 U.S.C. § 1997e©

and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.


|                          | s/Bernard A. Friedman              |
|--------------------------|------------------------------------|
| Dated: June 30, 2021     | BERNARD A. FRIEDMAN                |
| Detroit, Michigan        | SENIOR UNITED STATES DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 30, 2021.

| Josef Cadwell #339620          | s/Johnetta M. Curry-Williams |
| SAGINAW CORRECTIONAL FACILITY  | Case Manager                 |
| 9625 PIERCE ROAD               |                              |
| FREELAND, MI 48623             |                              |